## W. STEPHENSON *v.* THE STATE.

1. THEFT—MITIGATION BY VOLUNTARY RETURN OF THE PROPERTY. —The court below charged the jury to the effect that, to be effectual in mitigation, the return of the stolen property must be *voluntary*, and not induced by threats and fear of prosecution; that if the guilty party was discovered, or if, conscious of the evidences of his guilt and of its discovery, he hastened to return the property, in order to secure immunity, the return was not "voluntary" within the meaning of article 759 of the Penal Code. *Held,* a correct exposition of the article in question, and not a charge on the weight of the evidence, though framed with reference to the facts in proof.

2. CHARGE OF THE COURT. —It is not error to charge the jury upon the identical evidence adduced; but the court, in doing so, must not comment on the weight of the evidence, assume facts as proved, or impress the jury with the opinion of the judge thereon.

APPEAL from the District Court of Hays.   Tried below before the Hon. L. W. MOORE.

The opinion sets out such of the evidence as is relevant to the rulings.   The proof of the taking and of the felonious intent was unusually direct and conclusive.

*Hutchison & Franklin,* and *Kone & Coffield,* for the appellant.

*George McCormick,* Assistant Attorney-General, for the State.

ECTOR, P. J.   The appellant, William Stephenson, is convicted of the theft of two geldings, the property of William Norwood, and his punishment was assessed at confinement in the penitentiary for five years.   It appears from the evidence that the geldings were stolen by defendant from Norwood, their owner, in Hays County, on May 16th.   He was afterwards seen in New Braunfels, in Comal County, in possession of the stolen animals, claiming them as his own, and trying to sell them.

He and the witness Floege had agreed upon the terms of sale for one of the stolen animals, and Floege asked defendant to come into his (Floege's) store and get pay for the horse. Just at this time one J. H. Schmitt, the sheriff of Comal County, came up and said to the defendant that he believed the horses were stolen, and commenced taking down in a book the brands of the animals, at the same time telling Stephenson that he was the sheriff of Comal County.

The witness Schmitt testified that when he told the defendant he believed the horses were stolen, defendant appeared agitated, looked wild, and got on one of the horses and rode off immediately, leading the other gelding. The defendant returned the stolen animals to the owner on the evening of May 18th, a little after dark, and stated that he got them from a Mexican.

The only point upon which the defendant relies for a reversal of the judgment is for errors committed in the charge of the court. The court, in his charge, gave the defendant the benefit of article 2397 of Paschal's Digest, which is : " If property, taken under such circumstances as to constitute theft, be voluntarily returned within a reasonable time, and before any prosecution is commenced therefor, the punishment shall be by fine not exceeding one thousand dollars." The defendant excepted to the following portion of the charge, in relation to the return of the stolen property, to wit : " The return must also be voluntary — that is, it must not be induced by threats and fear of prosecution ; for, if a guilty party is discovered, or, under consciousness of the evidences of his guilt and its discovery, hastens to make return to secure immunity from punishment, then such return is not voluntary."

It is insisted, on the part of the defendant, that this charge is upon the weight of evidence, assumes facts to be proved, and does not give a proper definition of return of stolen property under the statute. In this view we do not

concur. It is not a charge upon the weight of evidence. We think the charge properly presented the law of the case, without trenching upon the province of the jury, whose duty it was to pass upon the facts. The charge of the court was evidently framed with reference to the facts in the case. It is not error for the court to charge upon the identical evidence given on the trial. When this is done, too great care cannot be taken by the court. The charge must not comment upon the weight of evidence, or assume facts which it is the province of the jury to find, or lead the jury to infer what is the opinion of the judge upon the facts.

It was said by this court in another case, in discussing article 2397, that "it was never contemplated that a thief, caught in possession of property stolen by him, could reduce a felony to a misdemeanor by simply then offering to give up the stolen property, or pay for it." *Grant* v. *The State*, 2 Texas Ct. App. 167. Can a return of stolen property by the thief be held to be "voluntary" on his part — that is, from choice, willingly, from his own free will — when he makes no effort to return it until he is found in possession of the stolen property, and then hastens to return it to secure immunity from punishment? We think not.

We will not notice the other errors assigned further than to say that they are not well taken. We find nothing in the record to require a reversal of the judgment, and it is, therefore, affirmed.

*Affirmed.*